IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-06-209 |
| | § | |
| CHRISTOPHER RYAN WEIR, | § | |
| | § | |
|     Defendant. | § | |

### ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Pending before the Court is Defendant Christopher Ryan Weir's ("Weir") "Motion to reduce Sentence Under 18 U.S.C. § 3582(c)(2) Pursuant to Retroactive Amendment 709." (D.E. 32.) In it, Weir argues that his sentence should be reduced based on Amendment 709 to the United States Sentencing Guidelines, which he describes as a "Retroactive Amendment." (D.E. 32 at 1.) He also claims that the Court should reduce his sentence based on his post-rehabilitation conduct. For the reasons set forth herein, Weir's motion is DENIED.

### I. BACKGROUND

On May 16, 2006, Weir pleaded guilty to the sole count of the indictment against him, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 1, 12). He was sentenced on August 24, 2006 to 46 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. (D.E. 23, 26.) The Court also imposed a $50 fine and a $100 special assessment. (D.E. 23, 26.) Judgment was entered against him on September 5, 2006. (D.E. 26.) Weir did not appeal and had not filed any post-conviction motions prior to the instant motion.

## II. ANALYSIS

**A.     18 U.S.C. § 3582(c)(2)**

The statute pursuant to which Weir seeks relief, 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, but only if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The pertinent policy statement is found at United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 1B1.10. Id. This provision lists the amendments to the Guidelines that are eligible for retroactive effect. U.S.S.G. § 1B1.10(c). If an amendment is not listed in that section, a reduction in sentence is not authorized. See United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997). Even where an amendment can be applied retroactively, whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831; United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

In this case, Weir's sentence became final in September 2006, when his deadline for appealing expired. Amendment 709 modifies U.S.S.G. § 4A1.2, which governs the computation of a defendant's criminal history. It was one of a number of amendments which became effective on November 1, 2007, long after Weir's conviction became final. Thus, Weir is entitled to relief under Amendment 709 only if that Amendment is retroactively applicable.

Although Weir describes the Amendment as "retroactive," he provides no authority in support of that claim. Notably, it is not included in U.S.S.G. § 1B1.10(c) as an amendment to be applied retroactively. The one Court of Appeals that has addressed the issue and numerous federal

district courts have held that Amendment 709 is not retroactively applicable. See, e.,g. United States v. Cofield, 2007 WL 4532938, *1  (4th Dec. 26, 2007) (unpublished); United States v. Wilson, 2008 WL 544973, *1 (D. Minn. Feb. 26, 2008) (collecting authority and noting that "[a]lthough Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable").

Similarly, to the extent that Weir is requesting a lesser sentence based on his post-sentencing rehabilitation, his motion is DENIED.  Post-sentencing conduct does not give this Court authority to reduce a defendant's sentencing.  See 18 U.S.C. § 3582(c) (setting forth limited circumstances under which the Court has such authority).

### III. CONCLUSION

For the foregoing reasons, Weir's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) (D.E. 32) is DENIED.

It is so ORDERED this 26th day of March, 2008.

_____
Janis Graham Jack
United States District Judge

3