IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-06-209 |
| | § | |
| CHRISTOPHER RYAN WEIR, | § | |
|     Defendant. | § | |

## ORDER GRANTING MOTION TO APPEAL
## *IN FORMA PAUPERIS* AND COLLECTION ORDER

By Order entered March 26, 2008, this Court denied Defendant Christopher Ryan Weir's ("Weir" or "Appellant") "Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) Pursuant to Retroactive Amendment 709" (D.E. 33 (denying D.E. 32).)  Weir filed a motion for reconsideration (D.E. 34), which the Court denied by order entered April 18, 2008.  (D.E. 35.)  Weir then filed a Notice of Appeal, which was received by the Clerk on April 28, 2008.  (D.E. 36.)

On May 12, 2008, the Clerk received two documents from Weir.  In the first, which has been docketed as a "response" to the Notice of Appeal, Weir complains that a copy of Form DKT-13 was not provided to him, as indicated on the Clerk's prior notice sent to him.  (D.E. 39, referencing D.E. 37.)  The Clerk has since mailed a copy of that form to him, so no action by the Court is required. (See D.E. 40.)

The second document requests leave to proceed on appeal *in forma pauperis*.  (D.E. 41.) That motion is addressed herein.

The application submitted by Weir contains his testimony that he is indigent, and lists his only income as gifts from family, which he described as totaling $120 per month.  He has also provided a certification from a prison official and a printout of information that provides summary

1

information concerning his prison account. Those documents indicate that, as of May 6, 2008, Weir had a balance of $26.30 in his account, that his average daily balance over the six months preceding his application was $119.92, and that deposits to his account during the same period totaled $1,859.72, an average of $309.95 per month.

The foregoing information demonstrates that although Appellant cannot afford to prepay the $455 appellate filing fee, he can pay the fee in installments without undue hardship. While his appeal is not governed by the Prison Litigation Reform Act, there is no prohibition against collection of the appellate filing fee in installments where an inmate has the ability to pay in installments without undue hardship. Accordingly, Appellant's motion to proceed *in forma pauperis* (D.E. 41) is GRANTED and the following orders are entered:

1. The Clerk shall file the Appellant's notice of appeal without prepayment of the appellate filing fee.

2. The Appellant is not required to pay an initial partial appellate filing fee.

3. The Appellant shall pay $455, the full appellate filing fee, in monthly installments to the United States District Court.

4. The Bureau of Prisons shall deduct 20% of each deposit made to the Appellant's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00.

5. The Appellant shall execute all consents and other documents required by the agency having custody of the Appellant to authorize the necessary withdrawals from his trust account.

6. The Clerk shall send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, FCI Bastrop, Post Office Box 730, Bastrop, Texas 78602.

<u>NOTICE TO THE APPELLANT</u>:

If you do not wish to pay the appellate filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute the appeal. Your notice must be mailed within 30 days of the date of this Order.

It is so ORDERED this 6th day of May, 2008.

_____
Janis Graham Jack
United States District Judge