IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-06-209 |
| | § | |
| CHRISTOPHER RYAN WEIR, | § | |
|     Defendant. | § | |

**ORDER DENYING MOTION FOR
TRANSCRIPTS AT GOVERNMENT EXPENSE**

By Order signed and entered March 26, 2008, the Court denied Defendant Christopher Ryan Weir's ("Weir") motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  (D.E. 33, denying D.E. 32.)  Weir filed a motion for reconsideration, which the Court also denied.  (D.E. 34, 35.) Weir has now filed a notice of appeal (D.E. 36), and the Court has granted him leave to proceed on appeal *in forma pauperis.*  (D.E. 42.)

Now pending before the Court is Weir's motion for transcripts at government expense.  (D.E. 43.)  In it, he asks for copies of his sentencing and rearraignment transcripts, as well as a copy of a portion of his Presentence Investigation Report.  Although Weir has established that he is indigent, an indigent defendant has a statutory right to free court documents, including transcripts, only in particular circumstances.  See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous.  28 U.S.C. § 753(f).

Weir's motion was denied on the grounds that he was requesting relief pursuant to a sentencing guideline amendment that is not retroactive.  The Court's denial of his motion was premised solely on the legal principle that a non-retroactive amendment did not entitle Weir to relief. (See D.E. 33.)  The denial of his motion for reconsideration was premised on the same legal principle,

1

coupled with the fact that Weir did not raise any grounds sufficient to cause the Court to reconsider its earlier order. Neither the transcripts in his case nor his PSR have any bearing on the issues addressed by the Court in those two orders. Thus, reference to those documents is not needed to decide an issue in his appeal. See 28 U.S.C. § 753(f). Accordingly, he has not shown that he is entitled to transcripts at government expense. See id.

For the foregoing reasons, Weir's motion for transcripts at government expense (D.E. 42) is DENIED. If Weir is interested in receiving a copy of any transcripts or other documents at his own expense, he may contact the Clerk. To that end, the Clerk is directed to provide Weir with a copy of the docket sheet in his case, as well as instructions as to how to order a transcript or other documents at his own expense.

It is so ORDERED this 3rd day of June, 2008.

_____
Janis Graham Jack
United States District Judge